UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No._____

CHARLES R. D'AGATA, SR.,

    Plaintiff,

vs.

COASTAL DETOX, INC.,
Florida Profit Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, CHARLES R. D'AGATA, SR., sues Defendant, COASTAL DETOX, INC., and states as follows:

## JURISDICTION

Jurisdiction in this Court is proper under 28 U.S.C. §1331 as this action arises under Title VII of the Civil Rights Act of 1964, 29 U.S.C. 2000(e).

## VENUE

Venue is proper in this Court as the Defendant maintain business operations within the Southern District of Florida.

## CONDITIONS PRECEDENT

All conditions precedent to this suit have been met.  Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received a Right to Sue dated November 27, 2019 and filed this suit within 90 days of receipt.

## PARTIES

1. Plaintiff, CHARLES R. D'AGATA, SR., is a citizen of the State of Florida, residing in St. Lucie County.

2. Defendant, COASTAL DETOX, INC., is a for profit corporation located in Martin County Florida.

## FACTUAL ALLEGATIONS

3. Plaintiff is seventy-four years old.

4. Prior to working for Defendant, Plaintiff was hired and worked for Defendant's sister company, Dream Center, which is a recovery center. At Dream Center, Plaintiff taught money mentoring once a week as an adjunct for two years.

5. When Defendant Coastal Detox facility was being built, Pat Crilley, who was going to be the Director of Operations at Coastal Detox when it opened, told Plaintiff that the Dream Center was probably going to close and offered him a job driving for Defendant. Plaintiff began working for Defendant on May 14, 2016.

6. In addition to driving, Mr. Crilley asked Plaintiff to be in charge of scheduling all of the drivers, which he did for approximately one year.

7. During the time that he was in charge of scheduling drivers, Plaintiff believed it was important for him to remain local in case there was an issue with a driver so he could resolve it.

8. Plaintiff was also in charge of having the vehicles serviced during this time. He received many compliments, being told that he must have saved Defendant thousands of dollars by having the cars serviced better and more economically.

9. At the time that Plaintiff was scheduling drivers, there were five drivers employed by Defendant.

10. Initially, Plaintiff worked over 20 hours per week.

11. In late 2018, Mr. Crilley left Defendant's employ.

12. After Mr. Crilley left, Plaintiff was supervised by Paul Laicos.

13. In early 2019, Mr. Laicos left Defendant's employ.

14. After Mr. Laicos left, Plaintiff reported to Joe O'Grady, who is co-owner of Coastal Detox.

15. At the end of 2018/beginning of 2019, Defendant began reducing the number of drivers employed. Eventually, Defendant went from five drivers to two, Plaintiff and John Green. At that time, Plaintiff worked between 15-20 hours per week and earned $16 per hour.

16. Outside of his employment, Plaintiff serves on the budget committee for the City of Port St. Lucie.

17. Once a month on Friday afternoon at 2:00 p.m., Plaintiff had a standing meeting with the Chief Financial Officer of the City of Port St. Lucie.

18. The Friday before his termination, Plaintiff was asked to go to Miami on the afternoon of his standing meeting with the CFO, so he declined.

19. There was another driver, Kris Garrigus, who appeared to be in his mid-twenties, who regularly turned down requests to drive and who was not terminated.

20. On March 31, 2019, Joe O'Grady and his co-owner, Christina Tucker called Plaintiff into the office. Mr. O'Grady made a statement to Plaintiff to the effect that he was "getting a little old for this job."

21. Ms. Tucker stated that she did not like the term "old," but they needed someone hungrier.

22. Mr. O'Grady followed up by saying Defendant needed someone

"younger and hungrier."

23. Defendant does not have a human resource employee, so Plaintiff had no one to complain to except the owners who were the ones engaging in age discrimination.

24. During his employment with Defendant, Plaintiff always received the highest evaluation ratings.

25. Most of the time, Plaintiff drove any patients who were being discharged which occurred at 10:00 a.m.

26. Plaintiff has no vision issues that would prevent him from driving at night. He only wears reading glasses.

## COUNT I-VIOLATION OF TITLE VII

Plaintiff incorporates paragraphs 1 through 26 as if fully stated herein.

27. Plaintiff belongs to a protected class as he is seventy-four years old.

28. Plaintiff was well qualified to perform the duties of his job at the time of his termination as he had been in the position and received the highest evaluation rating on the most recent evaluation prior to his termination.

29. Plaintiff was terminated from employment with Defendant.

30. Defendant, through Joe O'Grady and Christina Tucker made statements that constitute direct evidence of age discrimination.

31. Additionally, a younger employee was not terminated after regularly turning down requests to drive.

WHEREFORE, Plaintiff demands damages for lost wages, all other compensatory damages allowable under law; attorney's fees and costs; and any other relief the Court deems just and proper.

## COUNT II-VIOLATION OF FLORIDA STATUTE 760

Plaintiff incorporates paragraphs 1 through 26 as if fully stated herein.

The Florida Civil Rights Act (FCRA), Fla. Stat. §760.10 et. seq. was patterned after Title VII. Federal and Florida courts have held that claims under the FCRA are analyzed in the same manner as claims brought under Title VII, and decisions construing Title VII are directly applicable when considering claims of discrimination under the FCRA. <u>Grant v. Miami-Dade Cty</u>., 2014 U.S. Dist. LEXIS 182583, at *8 (S.D. Fla. 2014).

Defendant's conduct towards Plaintiff as described heretofore in this Complaint is a violation of Fla. Stat. §760.10.

WHEREFORE, Plaintiff demands damages for lost wages, all other compensatory damages allowable under law; attorney's fees and costs; and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: February 12, 2020          Respectfully submitted,

*/s/Beth Coke*
Beth Coke
Fla. Bar. #70726
Beth@cokeemploymentlaw.com
Coke Employment Law
131 N. 2nd Street, Suite 204
Fort Pierce, Fl. 34950
Telephone: (772) 252-4230
Facsimile: (772) 252-4575
Attorney for Plaintiff